NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK TRACY, an individual,

        Plaintiff - Appellant,

  v.

VAIL RESORTS, INC.,

        Defendant - Appellee.

No. 23-3606

D.C. No.
3:23-cv-00658-RSH-BLM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted June 10, 2026[**]

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges

    Mark Tracy appeals pro se the district court's dismissal of his diversity action

against Vail Resorts, Inc., alleging employment-related claims under California state

law.  We affirm.

    The district court properly dismissed Tracy's claims because they are barred by

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claim preclusion. Claim preclusion applies because Tracy could have raised his state-law claims in his prior action. *See GP Vincent II v. Estate of Beard*, 68 F.4th 508, 514 (9th Cir. 2023) ("[C]laim preclusion [] bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." (citation omitted)).

Tracy argues that claim preclusion does not apply because the district court in his prior action declined to exercise supplemental jurisdiction over his state-law claims. This argument fails because Tracy never asserted his state-law claims in his prior action. *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (explaining that plaintiffs may not avoid preclusion by alleging new legal theories).

Tracy next argues that Vail Resorts waived the defense of claim preclusion. This argument fails because Tracy cites no factual or legal basis for the defendant's waiver in this case. *United States v. Cazares*, 788 F.3d 956, 983 (9th Cir. 2015) ("The failure to cite to valid legal authority waives a claim for appellate review.")

Tracy finally argues that the district court should have disqualified opposing counsel. This argument fails because Tracy made no such motion and the record reveals no grounds to disqualify counsel. *See generally Unified Sewerage Agency of Washington Cnty. v. Jelco Inc.*, 646 F.2d 1339, 1347 (9th Cir. 1981) (describing grounds for disqualification of counsel).

**AFFIRMED.**